# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| JOHN CHILDS | § |
| | § |
| V. | § CASE NO. 1:12-CV-311 |
| | § |
| CAROLYN COLVIN, | § |
| COMMISSIONER OF | § |
| SOCIAL SECURITY ADMINISTRATION | § |

## ORDER ADOPTING
## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration. The magistrate judge submitted a report recommending that the decision of the Commissioner denying plaintiff's application for social security benefits should be affirmed.

Plaintiff timely filed objections to the magistrate judge's Report and Recommendation. The Court has accordingly conducted a *de novo* review of the objections and the response in relation to the pleadings, the record, and the applicable law. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b). After careful consideration, the Court concludes that the objections are without merit.

Plaintiff first objects that there is substantial objective evidence supporting his allegation that he is disabled. Childs further contends that the substantial evidence does not support the Commissioner's credibility findings regarding the plaintiff's allegations of pain and disabling limitations. The plaintiff is in error as he completely disregards the applicable legal standard set forth by statute and case law.

The court's function is to determine whether substantial evidence exists in the record as a whole to support the Secretary's findings. *See Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990); *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987). If the Secretary's findings are supported by substantial evidence, they are conclusive and must be affirmed. 42 U.S.C. § 405(g); *see Richardson v. Perales*, 402 U.S. 389 (1971). In reviewing the level of pain, the Fifth Circuit has held that "pain constitutes a disabling condition when it is 'constant, unremitting, and wholly unresponsive to therapeutic treatment.'" *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Selders v. Sullivan*, 914 F.2d 614, 618-19 (5th Cir. 1990). In addition, subjective complaints of pain must also be corroborated by objective medical evidence. *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001); *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989).

The plaintiff cites to some portions of the medical records, yet does not acknowledge the final conclusions from the physicians or the substantial evidence supporting the finding that the plaintiff's allegations are inconsistent with the objective medical evidence. The plaintiff cities to a diagnostic imaging report stating that the image shows moderate disc herniation and to observations from the plaintiff's examination with his physician. (TR. 227, 256 & 266). However, the plaintiff fails to acknowledge that in the same diagnostic imaging report, the findings demonstrate the plaintiff has "normal body heights and alignment" and that the only abnormality is in the L5-S1 level, at which the doctors find that is "moderately narrow" with only "mild facet degenerative change." (TR 226). In addition, in the same observations dated May 13, 2009, the doctor states that the plaintiff's rehab potential is "good." (TR 256).

The ALJ has met the requisite standard because his findings are supported by substantial evidence. In a Functional Capacity Evaluation/Fit for Duty Summary performed by Dr. Lo, dated

July 21, 2009 (notably after the plaintiff's examination on May 13, 2009), Dr. Lo concludes that Mr. Childs was able to perform all the tasks asked of him. (TR. 260-261.) The summary notes that there were no muscle spasms, Mr. Childs had a normal gait, he was able to kneel, crawl and squat, and he was able to walk up five flight of stairs with a normal gait pattern. *Id*. Moreover, on December 18, 2009, Dr. Lo notes that Childs continues to have good alignment with good positioning of the instrumentation and bone grafts. (TR 286.) Dr. Lo noted that Mr. Childs had not been performing physical therapy and that he was experiencing muscle spasms, yet he renewed his prescription for more physical therapy, suggesting that physical therapy helps with the spasms. (TR 286. ) These findings as well as the other findings cited in the ALJ's decision (TR 230, 242, 260) and discussed by Judge Gibin in his report confirm that the ALJ's decision is supported by substantial evidence. The evidence also shows that the plaintiff's pain is not a disabling condition that is wholly unresponsive to therapeutic treatment.

Next, the plaintiff argues that *Harper v. Sullivan,* 887 F.2d 92 (5th Cir. 1989), is not contrary to the cases cited by Childs from the Tenth and Eighth Circuits. The plaintiff cites to the *Sistler* case by stating that the Tenth Circuit held that "an ALJ cannot use mischaracterizations of a claimant's activities to discredit his claims of disabling limitations." *Sistler v. Astrue*, 410 Fed. App'x 112, 117-118 (10th Cir. Jan. 10, 2011). The plaintiff, however, did not acknowledge that the Tenth Circuit also stated that it was the Commissioner's decision as to how much weight he or she should give to a claimant's claim of pain and symptoms. *Id*. ("we emphasize that we are not expressing an opinion as to the weight the Commissioner should give to Mr. Sitsler's claims of pain and other symptoms, as that is an issue for the Commissioner to determine after properly evaluating the evidence and

considering the relevant factors."). As stated in the report and recommendation, the court is unpersuaded by the cases from the Tenth and Eighth Circuits.

The Fifth Circuit has stated that activities may be considered and the subjective evidence of pain must be considered. *Harper v. Sullivan*, 887 F.2d 92, 96 (5th Cir. 1989) ("ALJ must consider subjective evidence of pain"); *Hollis v. Bowen*, 837 F.2d 1378, 1384 (5th Cir. 1988) ("activities of daily living may properly be considered"). The ALJ considered the evidence of the plaintiff's pain and his medical records. As stated in the ALJ's findings, in Judge Giblin's report, and recommendation and discussed above, there is substantial evidence to support the finding that the plaintiff is not disabled. The evidence shows that the plaintiff can perform work in the national economy, that he has the ability to perform activities of daily living, and his pain is not wholly unresponsive to therapeutic treatment.

Therefore, the Court **ORDERS** that the plaintiff's objections [Doc. #24] are **OVERRULED.** The Court concludes that the magistrate judge's findings of fact and conclusions of law of are correct. The Report and Recommendation [Doc. #23] is, therefore, **ADOPTED** and the Commissioner's decisions is **AFFIRMED**. The Court will enter final judgment separately.

So **ORDERED** and **SIGNED** this **18** day of **July, 2014.**

_____
Ron Clark, United States District Judge